UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR L. LOCKETT *ex rel.*
MAIMIE L. LOCKETT,

                      Plaintiff,

v.

LVNV FUNDING LLC *et al.*,

                      Defendants.

_____/

Civil Action No. 24-12165

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO
## DISMISS ACTION UNDER 28 U.S.C. § 1915

This civil action has been referred to the undersigned for all pretrial purposes, including screening the complaint to determine whether it should be summarily dismissed under the in forma pauperis ("IFP") statute, 28 U.S.C. §§ 1915(e)(2)(B).  (ECF No. 12). The IFP statute permits courts to dismiss actions by plaintiffs who wish to proceed without paying any fees or costs if the plaintiff "fails to state a claim on which relief may be granted."  *Id.*  For the reasons discussed below, this action fits that description and should be dismissed.

## I.    REPORT

### A.    Background

The complaint in this case is 148 pages long and is extremely difficult to follow. The first page contains a caption that lists two plaintiffs, Arthur Lockett and Mamie Lockett, and fourteen defendants: (1) "LVNV Funding LLC"; (2) "Credit One Bank N.A.";

(3) "US Bank NA"; (4) "Scott & Associates P.C."; (5) "Elan Financial Services"; (6) "Johnson Mark LLC"; (7) "Michael J. Scott"; (8) "Matthew W. Cooper"; (9) "Lacie Elizabeth Friend"; (10) "Sean Morrissey"; (11) "Matthew Clark"; (12) "Victoria Barboza"; (13) "Lauren Jones"; and (14) "Justice Gregory Johnson."[1]  (ECF No. 1, PageID.161).  The caption also lists several statutes, rules, and legal doctrines, such as the Fair Debt Collection Practices Act ("FDCPA") and Federal Rule of Civil Procedure 60(b).[2]  And a title follows the caption: "An Independent Action Rule 60(d)(3) Relief From a Judgment or Order Set Aside a Judgment for Fraud on the Court 15 U.S. Code § 1692; (a)(b)(c)(e)(g)(k) - Validation of debts."  (*Id.*).

The complaint next lists the text of a Michigan statute that requires "[a]ny person who brings an action as next of friend for an infant, or a person who is insane or otherwise mentally incompetent" to pay "the costs of the suit."  Mich. Comp. Laws Ann. § 600.2415 (West 2010).  The complaint also states that Arthur Lockett brings suit "on behalf of Mamie L. Lockett," and that Mamie Lockett has dementia.  (ECF No. 1, PageID.163).  Thus, Arthur Lockett ("Mr. Lockett") attempts to bring suit on behalf of Mamie Lockett ("Mrs. Lockett"), apparently as her next of friend due to her being allegedly incapacitated.

The complaint then recounts a message that an entity called Resurgent Capital Services L.P. sent "in response to the Consumer Financial Protection Bureau ('CFPB')

---

[1] The caption lists "Scott & Associates P.C." twice.

[2] The caption also lists "Violation of Public Trust"; "Entertain an Independent Action"; "Set Aside a Judgment for Fraud on the Court"; "Counterclaim on Same Facts"; "Incidents of Usury Aid and Abet"; "Res Judicata"; "Estoppel"; "Collateral Order Doctrine"; and "Judicial Estoppel." (ECF No. 1, PageID.161).

inquiry received July 27, 2024." (*Id.* at 164). That message states that Resurgent Capital cannot "communicate[] regarding an account" because its "records d[id] not indicate that Arthur Lockett" was "an authorized third-party for the above referenced consumer." (*Id.*). As such, Mr. Lockett attempts to plead that he communicated with Resurgent Capital regarding an account owned by Mrs. Lockett, and that Resurgent Capital refused to communicate with him.

The complaint then states that an action was filed in August 2024 in the justice court for Bell County, Texas. By way of background, Texas's justice courts hear small civil claims. *See* Tex. Gov't Code art. 27.031(a)(1) (West 2019). The complaint also lists information from the docket sheet for the August 2024 action, and that information states that the action was "[n]on-suited" by the presiding judge, Justice Gregory Johnson. (ECF No. 1, PageID.165). Thus, it appears that Mr. Lockett attempts to plead that he filed an action in Bell County's justice court after Resurgent Capital refused to communicate with him, and that he was non-suited by the court.

The complaint then recounts the following facts about Mrs. Lockett. She is "well into her 70's, with health problems mounting, issues related to sugar, aging and dementia." (*Id.*). She is "home alone most days," and the "[d]efendants step[ped] in and take advantage . . . of her while she [was] in this diminished capacity." (*Id.* at 166). Specifically, "[t]he defendants [have] contracted loan after loan with Mrs. Lockett, knowing full well, or should have known, of this diminished capacity." (*Id.*). And the defendants are now "again making[] prohibited[] attempts to collect on a set of time-barred debts." (*Id.*). Finally, the complaint alleges that "defendants found success in the unwitting

child and caretaker of [Mrs. Lockett]. As a child of [Mrs. Lockett], Mrs. Douglas rushed to [Mrs. Lockett's] aid, her mother, without regard and paid the unlawful fraud that involved this Court…. Defendant submitted Court-Binding documents to the home of [Mrs. Lockett's] daughter, Mrs. Willie B. and Carl Douglas, demanding payments on loans that she nor her mother were aware of.  In a panic, Mr. and Mrs. Douglas simply paid, hoping that paying would allow them to settle back into a simple life . . ." (*Id.*).

After detailing these facts, the next 140 pages of the complaint list (and, in many cases, recite wholesale) many dozens of federal and state constitutional provisions, statutes, rules, legal principles, and cases under the heading "Jurisdiction." (*Id.*).  For example, the complaint lists provisions of the FDCPA, legal principles governing judicial disqualification (with specific reference to Justice Gregory Johnson), and numerous rules of civil procedure.  The complaint pays particular attention to 15 U.S.C. §§ 1692e and 1692g, which codify the FDCPA's prohibition on the making of false or misleading representations by debt collectors and its requirement that debt collectors validate debts, respectively.[3]  Under the same heading of "Jurisdiction," the complaint contains a lengthy discussion of dementia, lenders' legal duties to prospective debtors with diminished capacity, and "forms of elder abuse." (*Id. passim*).

The complaint concludes with a few requests for relief.  It seeks a "judgment an [sic] Order Granting Plaintiff's Motion" and "Request to vacate all improper judgments." (*Id.* at 307).  It also seeks $2 million in damages from defendants in their "Individual

---

[3] Specifically, the complaint recounts 15 U.S.C. §§ 1692e and 1692g in full. (*See* ECF No. 1, PageID.167–69, 176–78).

Capacit[ies]"; $2 million in damages from defendants in their "Professional Capacit[ies]"; and "Treble said amounts in Punitive Damages." (*Id.*). And it seeks "such further and additional relief the court deems fair, just and equitable." (*Id.*).

Mr. Lockett also attached a few materials to the complaint. One set of materials are documents from a civil action in the justice court for Bell County, Texas, case number 41CV2300900. Mr. Lockett offers a notice dated March 2023 for Mrs. Lockett to appear in the action. (*Id.* at 312). And Mr. Lockett also offers a document dated May 2023 that is entitled "Plaintiff's Notice of Nonsuit with Prejudice" and is signed by an attorney on behalf of Scott & Associates, P.C.[4] (*Id.* at 310).

Another set of materials are documents from a different civil action, also in Bell County's justice court, for case number 41CV2302589. Mr. Lockett offers the civil complaint dated June 2023 for the action, which details that LVNV Funding, LLC ("LVNV") brings breach-of-contract and open-account claims against Mrs. Lockett stemming from a debt that was charged off in June 2021 and that LVNV acquired in September 2022. (*Id.* at 309–10, 313). Mr. Lockett also offers a notice dated July 2023 for Mrs. Lockett to appear in the action. (*Id.* at 311, 315).

Last, Mr. Lockett offers a document showing that a payment in the amount of $1,925.12 was made from a Bank of America depository account held by Mrs. Lockett to "SCOTTANDASSOCA" in April 2023. (*Id.* at 314).

From these documents, Mr. Lockett appears to allege that Mrs. Lockett was sued in

---

[4] Mr. Arthur also offers a letter dated May 2023 that Scott & Associates, P.C. sent to the Bell County Justice Court with its motion for nonsuit with prejudice. (ECF No. 1, PageID.308).

Bell County's justice court; that suit was dropped in May 2023 after Mrs. Lockett paid the plaintiff's or plaintiffs' lawyer; and Mrs. Lockett was later sued by LVNV in the same court in June 2023. But the connection between these two actions is unclear, as is the connection between these two cases and the action Mr. Lockett filed in the Bell County justice court in August 2024.

### B.    Standard of Review

The IFP statute permits courts to dismiss an action that "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). And "[t]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under" the IFP statute. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Per *Iqbal* and *Twombly*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### C.    Analysis

Although it is somewhat unclear from the face of the complaint, Mr. Lockett seemingly seeks damages on Mrs. Lockett's behalf for alleged FDCPA violations by defendants and relief from one or more judgments issued by the justice court in Bell County, Texas.

### i.      Violation of Rule 8's Pleading Standards

First and foremost, while the Court appreciates that as a *pro se* litigant Mr. Lockett may not be trained in the law and that his complaint must be construed liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), and held to less stringent standards than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements, *see Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Here, however, Mr. Lockett's complaint represents an extreme violation of Federal Rule of Civil Procedure 8's requirement that "[a] pleading that states a claim for relief must contain": (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).  It similarly violates Rule 8's requirement that "[e]ach allegation . . . be simple, concise, and direct."  *Id.* r. 8(d)(1).

As noted above, the complaint in this case is comprised principally of 100-plus pages of seemingly random references to many dozens of federal and state constitutional provisions, statutes, rules and legal principles and cases, and it makes no effort whatsoever to tie any of them to any of the claims asserted in this case.  It also fails to tie most all of the named defendants to any claim in particular.  In short, the complaint is completely unwieldy and unmanageable, and is subject to dismissal on that basis alone.  *Spearman v. Michigan*, No. 17-CV-12805, 2017 WL 6371984, at *1 (E.D. Mich. Dec. 13, 2017).  Nevertheless, given Mr. Lockett's *pro se* status, to the extent the Court can discern the complaint's claims, it will endeavor to address them below.

### ii.   FDCPA Claims

The complaint repeatedly cites the FDCPA, so the Court assumes Mr. Lockett is attempting to plead claims under that statutory scheme.  In general, the FDCPA attempts "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  The Act accordingly "impos[es] affirmative requirements on debt collectors and prohibit[s] a range of debt-collection practices."  *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019).  And the Act confers a private cause of action to remedy violations of its provisions.  *See* 15 U.S.C. § 1692k.  Because the complaint pays particular attention to 15 U.S.C. §§ 1692e and 1692g, the Court does the same.

Section 1692e prohibits debt collectors from making false or misleading representations in connection with the collection of a debt.  *See* § 1692e.  To plead a violation of this statute, a plaintiff must allege facts showing: (1) that he or she is "a 'consumer' as defined by the [FDCPA]"; (2) the existence of a "debt" that "ar[ose] out of transactions which are 'primarily for personal, family or household purposes'"; (3) that the defendant is "a 'debt collector' as defined by the Act"; and (4) that the defendant "violated § 1692e's prohibitions."  *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting *Whittiker v. Deutsche Bank Nat'l Tr. Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009)).  The complaint does none of these things.  Rather, the complaint only vaguely alleges that the defendants took advantage of Mrs. Lockett's "diminished capacity" and attempted to collect unspecified debts that were "time-barred."  (ECF No. 1, PageID.166).  The complaint accordingly fails to plead sufficient facts to state a claim for violation of § 1692e.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

8

Section 1692g requires debt collectors to provide information to debtors regarding any debt the collector wishes to recover and to investigate any debt that a debtor disputes. *See* § 1692g.  To plead a violation of these requirements, a plaintiff must, at the very least, identify "a debt collection activity."  *Ewers v. Rainmaker Recovery 3, Inc.*, 393 F. Supp. 3d 614, 620 (E.D. Mich. 2019).  Here, however, the complaint does not identify any specific collection activities by the defendants.  Again, the complaint contains only vague and general allegations that the defendants attempted to unlawfully collect "time-barred" debts from Mrs. Lockett and to take advantage of her "diminished capacity."  *See supra* at 2-4.  Again, these generalized allegations are insufficient to state a claim under § 1692g. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

The complaint thus fails to plead any FDCPA violations.

### iii.    Challenge to State-Court Judgments

Although it is not entirely clear, the complaint appears to request that this Court "vacate" any adverse judgments issued by the Bell County justice court in the action that Mr. Lockett filed there in 2024 and in the 2023 actions against Mrs. Lockett.  (ECF No. 1, PageID.307).  Such relief would be barred by the *Rooker–Feldman* doctrine.

The "*Rooker–Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court."  *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012).  Where, as here, "a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of

that judgment,"[5] this federal district court lacks jurisdiction to review the state-court judgment under *Rooker–Feldman*. *Id.* at 298–99. Accordingly, the complaint here fails to plead a claim for relief as to the Bell County justice court judgments.

In sum, the complaint in this case fails to state any claim upon which relief may be granted, and the action should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the Court **DISMISS** this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 20, 2025                             s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                                          United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*,

---

[5] The Court recognizes that "*Rooker-Feldman* does not bar an independent claim that the defendant obtained a state judgment by fraud, misrepresentation, or other improper means." *Collins v. Wells Fargo Bank, N.A.*, No. 23-3603, 2024 WL 3493330, at *4 (6th Cir. Mar. 29, 2024) (citing *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006)). However, to the extent the complaint in this case can be construed as alleging such a claim, it is subject to dismissal because Mr. Lockett asserts that claim with only the most vague and conclusory assertions, and provides no *facts* whatsoever from which the Court could conclude that the state court judgments in question were procured by fraud. *Id. See also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.