UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR L. LOCKETT, and
MAMIE L. LOCKETT,

        Plaintiffs,

v.

LVNV FUNDING LLC, CREDIT ONE
BANK, N.A., US BANK NA, SCOTT &
ASSOCIATES P.C., ELAN FINANCIAL
SERVICES, JOHNSON MARK LLC, MICHAEL
J. SCOTT, MATTHEW W. COOPER, LACIE
ELIZABETH FRIEND, SEAN MORRISSEY,
MATTHEW CLARK, VICTORIA BARBOZA,
LAUREN JONES, and GREGORY JOHNSON,

        Defendants.

Case Number 24-12165
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

Presently before the Court is a report issued on June 20, 2025 by Magistrate Judge David R. Grand under 28 U.S.C. § 636(b) recommending that the Court screen the plaintiffs' complaint under 28 U.S.C. § 1915(e) and dismiss it on the Court's own motion for failure to state a claim. The plaintiffs' allegations concern the attempt to collect an alleged debt owed by plaintiff Mamie Lockett — who apparently suffers from some form of dementia — and connected legal proceedings in a Texas state court. However, Judge Grand could not ascertain any viable claim in the complaint, which spans nearly 148 pages and appears to focus primarily on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*

After the deadline for filing objections to the report and recommendation passed with no word from the plaintiffs, the Court adopted the recommendation and dismissed the case. However, when the Court learned that plaintiff Arthur L. Lockett had made a good faith attempt to file timely

objections, only to be foiled by his confusion with the electronic filing system, the Court vacated the dismissal and accepted the objections as timely. Nonetheless, after reviewing them, it is apparent that Judge Grand's recommendations are correct. The Court will adopt them, and the complaint will be dismissed because it fails to state a cognizable claim.

I.

A.

Plaintiff Arthur Lockett filed this complaint on August 18, 2024, attempting to bring claims as next friend for his mother, Mamie L. Lockett. The Court granted him leave to proceed without prepaying the filing fee and referred the case to Magistrate Judge Grand under 28 U.S.C. § 636(b) to conduct pretrial proceedings. *See* ECF Nos. 11, 12.

As Judge Grand observed in his report, the complaint spans nearly 150 pages and "is extremely difficult to follow." *Lockett ex rel. v. LVNV Funding LLC*, No. 24-12165, 2025 WL 1909316, at *1 (E.D. Mich. June 20, 2025). However, it appears that its main focus is Mr. Lockett's concern that several individuals and debt collection companies are unfairly taking advantage of Mrs. Lockett, who is vulnerable because of her age and because she suffers from dementia. Compl., ECF No. 1, PageID.165. Although her relationship to Arthur Lockett is not specified in the complaint, he refers to her as his mother in his objection to the magistrate judge's report. ECF No. 17, PageID.350.

The complaint names fourteen defendants: 1) LVNV Funding LLC; 2) Credit One Bank N.A.; 3) US Bank NA; 4) Scott & Associates P.C.; 5) Elan Financial Services; 6) Johnson Mark LLC; 7) Michael J. Scott; 8) Matthew W. Cooper; 9) Lacie Elizabeth Friend; 10) Sean Morrissey; 11) Matthew Clark; 12) Victoria Barboza; 13) Lauren Jones; and 14) Justice Gregory Johnson. ECF No. 1, PageID.161.

Despite its length, the complaint is relatively light on details. Mr. Lockett alleges that an employee of an entity called Resurgent Capital Services L.P. contacted him in response to a "Consumer Financial Protection Bureau (CFPB) inquiry" submitted about one of Mrs. Lockett's accounts. *Id.* at 164. The employee informed Mr. Lockett that Resurgent could not communicate directly with him about the matter because he was not listed as an authorized third-party representative for Mrs. Lockett.

Mr. Lockett says that he then filed a complaint in justice court in Bell County, Texas before Justice of the Peace Gregory Johnson, but the complaint was returned to him. The nature of that case is not specified, but according to the docket sheet attached to the complaint, it was connected to two other cases, one of which was non-suited and another of which was "passed appeal time." ECF No. 1, PageID.165.

The complaint in this case proceeds to describe Mrs. Lockett's various health and financial issues, explaining that she is "well into her 70's" (although he refers to her as 88 elsewhere), has dementia, struggles to pay her bills, and is alone most of the time. Mr. Lockett accuses the defendants of "tak[ing] advantage . . . of her" diminished capacity by "contract[ing] loan after loan" with her. *Id.* at PageID.166. He also says that the defendants are "making[] prohibited[] attempts to collect on a set of time-barred debts," but further information is not provided. *Ibid.* Finally, he alleges that Mrs. Lockett's children have attempted to help her by paying some of the debts. *Ibid.*

As Judge Grand observed, the remainder of the complaint — approximately 140 pages — consists of an extensive list of statutes, court rules, legal terminology, and reference information about dementia and financial abuse of the elderly. Judge Grand also observed that the complaint's caption mentions Federal Rule of Civil Procedure 60(d)(3), and Mr. Lockett placed a great deal of

emphasis on certain provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq*.

Mr. Lockett attached to the complaint several documents from a case in the Bell County, Texas justice court, including a notice for Mrs. Lockett to appear and a "Notice of Nonsuit with Prejudice" signed by an attorney on behalf of defendant Scott & Associates, P.C. *Id.* at 310. He also includes materials from a civil case brought by LVNV Funding, LLC against Mrs. Lockett on a debt, *id.* at PageID.309-13, and a bank statement reflecting an April 2023 payment of $1,925.12 to "SCOTTANDASSOCA" from a Bank of America account held by Mrs. Lockett, *id.* at PageID.314. Judge Grand found that the connection between these materials and the plaintiff's claims was not clear. R&R, ECF No. 14, PageID.339.

On June 20, 2025, Judge Grand issued a report recommending that the Court screen the case and dismiss the complaint. As stated above, the Court adopted Judge Grand's recommendation and dismissed the complaint when no timely objections were filed. ECF No. 15. However, Mr. Lockett eventually filed an objection on July 14, 2025 via the *pro se* upload portal. The Court consulted with the Clerk of Court, who confirmed that she had communicated with Mr. Lockett, and he believed he had successfully uploaded his objections on June 30, 2025, which would have been within the deadline to object. *See* Fed. R. Civ. P. 72(b)(2). When Mr. Lockett inquired of the Clerk's office about the status of his objections, he discovered that he did not complete a security verification step. Under the circumstances, the Court vacated its prior order dismissing the case and the corresponding judgment. ECF No. 18.

B.

Judge Grand screened the complaint for merit under 28 U.S.C. § 1915(e) and recommended that the Court summarily dismiss it for failure to state a claim. He first determined that the complaint is subject to dismissal under Rule 8 because it is "unwieldy and unmanageable," and

- 4 -

Mr. Lockett had made "no effort whatsoever" to tie any of the various legal citations to any of the named defendants. Judge Grand nevertheless tried to find a claim based on two provisions of the Fair Debt Collections Practices Act (FDCPA): 15 U.S.C. §§ 1692e and 1692g. But he concluded that Mr. Lockett failed to include sufficient details to set out a viable claim under either provision. Judge Grand also recognized that the complaint would be subject to dismissal under the *Rooker-Feldman* doctrine to the extent he asked the Court to vacate judgments issued by the Texas courts.

II.

Mr. Lockett's objections were docketed on July 14, 2025. Although late, the Court will consider them as if they were filed on time.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474

F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Objections to a magistrate's report and recommendation must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," because it does not focus the Court's attention on any specific issues for review, "thereby making the initial reference to the magistrate useless." *Ibid.* Moreover, the plaintiff may not raise new claims or theories not raised previously. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judges Act does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

Mr. Lockett's objections consist of a 28-page document that — like the complaint itself — is somewhat difficult to understand. He starts by reiterating that he "is seeking justice for his [d]emented [m]other against a group of lawless [a]ttorneys who intentionally brought court actions illegally against an incapacitated 88-year-old." It appears that his specific disagreements with the report and recommendation can be broken down as follows: (1) Mr. Lockett contends that he adequately pleaded that the defendants had committed "[f]raud [u]pon the Court" and that the magistrate judge failed to accept as true his allegations that Mrs. Lockett suffers from dementia and experienced fraud at the hands of the defendants. ECF No. 17, PageID.350-51. (2) Mr. Lockett cites numerous court cases and rules, with a particular focus on Federal Rule of Civil Procedure 60(d)(3), as a basis for his complaint. (3) He says that the *Rooker-Feldman* doctrine does not apply "because of the nature of the [f]raud in this case." *Id.* at PageID.352. (4) He contends that the magistrate judge should have recused himself from adjudicating the case because

of his "willful blindness." *Id.* at PageID.354-55. (5) Finally, Mr. Lockett asks the Court to "remove the case" pursuant to 28 U.S.C. § 1446 and appears to include in his objection an "answer" to a complaint he says defendant LVNV Funding, LLC filed against him in Detroit's 36th District Court.

Before turning to these arguments, it may be useful to explain why the case is under review at this stage of the proceedings. When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a complaint filed by an unrepresented party must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). As Judge Grand recognized here, the screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Now for the objections.

A.

Mr. Lockett first takes issue with Judge Grand's conclusion that he had not set out any viable claims. He seems to reason that the complaint was clear and that Judge Grand failed to accept as true certain allegations regarding his mother's dementia and the fraudulent scheme. But the complaint is far from clear, and accepting as true the allegations about the dementia and fraud schemes does not suffice to establish a legal claim.

The problem is not that Judge Grand failed to credit the factual allegations or that Mr. Lockett's concerns about his mother are not apparent. Mr. Lockett obviously cares for Mrs. Lockett and is worried that she is being mistreated by individuals and entities charged with collecting debts. His concern is commendable. Judge Grand did not contest the facts he alleged about her mistreatment.

Instead, the problem — as Judge Grand explained — is that the complaint offered only generalized allegations of wrongdoing without tying each — or any — defendant's conduct to the elements of a legal cause of action. *See Iqbal*, 556 U.S. at 687 (explaining that a party may not "plead the bare elements of [a] cause of action, affix the label 'general allegation,' and expect [the] complaint to survive a motion to dismiss."). Of course, a complaint need not include "detailed factual allegations," but it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). The complaint here recites numerous statutes and court rules and features a lengthy list of defendants, yet it fails to include allegations tying those defendants to any cause of action. Clearly, Mr. Lockett believes that the

way Mrs. Lockett has been treated is improper and, to borrow his term, "fraudulent." But he does not explain what each defendant did; most of the defendants only are mentioned in the caption of the complaint and then never again. His objection, although lengthy, offers little further guidance about how to find such detail in his sprawling complaint.

Despite this basic problem, Judge Grand generously construed the complaint as an attempt to raise claims under two FDCPA provisions that Lockett cited several times, 15 U.S.C. §§ 1692e and 1692g. Juge Grand recited the elements of each cause of action, and then he concluded that Mr. Lockett had not set out a claim under either provision.

Section 1692e prohibits debt collectors from making false, deceptive, or misleading representations with respect to their debt collection efforts. 15 U.S.C. § 1692e. As Judge Grand explained, to proceed under this statute, "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (citation omitted). As Judge Grand recognized, the complaint does not offer any explanation as to many of these elements and certainly not as to each of the fourteen defendants, or any of them for that matter. Mr. Lockett's core contention is that the defendants took advantage of Mrs. Lockett's diminished capacity, but he does not explain how they did so as connected to debt collection activities prohibited by the FDCPA. He repeatedly invokes the word "fraud," but he does not clearly describe what was the fraudulent conduct or how it amounted to unlawful conduct under the FDCPA. *See* 15 U.S.C. § 1692e(1)-(16) (listing prohibited conduct). And he seems to suggest that the fraud occurred in the defendants' efforts to execute contracts with the defendants rather than in attempts to collect debts.

The complaint also invokes section 1692g of the statute, which generally requires debt collectors to furnish debtors with information about putative debts and cease collection efforts if the debtor disputes the debt until the debt collector confirms its validity. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 478 (6th Cir. 2020). Again, however, the complaint does not include sufficient detail about any specific debt or debt collector to suggest a plausible violation. Judge Grand appropriately suggested that the plaintiff failed to state a claim under either of these statutes, and the objections do not alter the Court's similar conclusion.

B.

Mr. Lockett's objection repeatedly invokes Federal Rule of Civil Procedure 60(d)(3), which validates the Court's authority to "to set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Judge Grand did not analyze this potential claim in depth, probably because it only was mentioned in the complaint's caption. However, he clearly recognized why such a claim would fail.

Prevailing in an action under Rule 60(d)(3) is no small feat. The plaintiff must point to conduct "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). Relief under this avenue is limited to "extraordinary" cases, where "the most egregious conduct involve[ed] a corruption of the judicial process itself." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870 (West 2011)). Sufficiently egregious

conduct might include "bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." *Ibid.* The plaintiffs have not alleged any of this or similar activity.

It appears that Mr. Lockett's purpose in highlighting this Rule is to focus attention on his claim that the defendants committed "fraud upon the court," so certain judgments issued by the Texas courts as to Mrs. Lockett must be vacated. *See* ECF No. 1, PageID.307; ECF No. 17, PageID.351. As Judge Grand recognized, however, that request is problematic because it represents an attempt collaterally attack a state court judgment, which is barred by the *Rooker-Feldman* doctrine. *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) ("The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 291 (2005)).

C.

Mr. Lockett argues that the *Rooker-Feldman* doctrine does not apply here. "*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), hold that only the Supreme Court may review judgments entered by state courts in civil litigation." *Fowler v. Benson*, 924 F.3d 247, 254 (6th Cir. 2019). The eponymous "doctrine, therefore, bars a lower federal . . . court from reviewing a plaintiff's claim when a state court's judgment is the source of the plaintiff's injury." *Ibid.* The court looks to the relief requested in the plaintiff's complaint to determine the source of the injury. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).

Notably, the complaint here seeks, among other things, an order "vacat[ing] all improper judgments." ECF No. 1, PageID.307. That request is within the heartland of the *Rooker-Feldman* doctrine: to grant such relief would require this Court to review judgments entered by the Texas

state courts. In his objection, Mr. Lockett asserts that *Rooker-Feldman* "do[es] not apply because of the nature of the [f]raud in this case." ECF No. 17, PageID.352. But that is no answer to the fact that he asks the Court to vacate a state court judgment, something it plainly lacks jurisdiction to do. *See Hollins v. Bank of Am., N.A.*, No. 23-3518, 2024 WL 156298, at *2 (6th Cir. Jan. 12, 2024). Those aspects of the plaintiffs' complaint ordinarily would be dismissed without prejudice if no other defect in the pleading were found.

The *Rooker*-Feldman doctrine would not bar all of the plaintiffs' claims to the extent they seek to hold the defendants liable for conduct that does not turn on review of the judgments themselves. *See McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006). And the complaint does seek a damages award. ECF No. 1, PageID.307. Yet, for the reasons stated above, the complaint fails to set out a clear theory of how each defendant committed wrongful conduct under the statutes and rules he cites.

Focusing again on his allegations of "fraud," Mr. Lockett objects that the magistrate judge ignored how Federal Rule of Civil Procedure 9 "applies in this case." ECF No. 17, PageID.351. But that rule actually helps explain the inadequacy of the pleadings. Rule 9(b) obligated him to "state with particularity the circumstances constituting" a fraud. Fed. R. Civ. P. 9(b). To put it more plainly, this means that the complaint must "specify the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted). The answers to these questions are not evident from the complaint. Judge Grand appropriately suggested that the complaint failed to state a claim on which relief could be granted. After fresh review, the Court agrees.

D.

Mr. Lockett also argues in his objection that the magistrate judge should have recused himself from the case under 28 U.S.C. § 455 due to his "willful[] blindness." ECF No. 17, PageID.354. He suggests that the magistrate judge's recommended disposition ignores the fraud upon the Court committed by the defendants "against defenseless citizens, around this Country, unabated," and compares the situation to a "two-year-old [who] sits on the floor and covers her eyes and thinks no one can see her." *Ibid.*

The statute cited by Mr. Lockett requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The Court must ask whether "a 'reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), *as amended* (Aug. 11, 1993) (quoting *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990)) (some internal marks omitted). This standard is "*objective*" and is "'not based on the subjective view of a party.'" *Ibid.* And the source of the alleged bias must be "extrajudicial," that is, not arising from the judge's experience on the case. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For multiple reasons, Mr. Lockett's contention that the magistrate judge should have recused comes up short. To start, it does not appear that he ever presented his request to Judge Grand directly, which would be the typical procedure for dealing with such circumstances. *See Goward v. United States*, 569 F. App'x 408, 410 (6th Cir. 2014) ("A motion to disqualify must first be presented to the judge whose impartiality is questioned."); *see also Peterson v. Dow*, No. 23-11401, 2025 WL 685458, at *3 (E.D. Mich. Mar. 4, 2025). It may be that Mr. Lockett did not

- 13 -

do so because he did not perceive Judge Grand's "willful blindness" — the only basis he cites for his recusal — until after he had issued the report and recommendation. But even considering the argument now reveals no cause for Judge Grand to have recused.

Again, Mr. Lockett's sole discernable explanation of Judge Grand's bias is that he was "willfully blind" to the "fraud upon the Court" he attempts to describe in the complaint. Yet this argument is not meaningfully distinguishable from a mere disagreement with Judge Grand's recommendation. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "Almost invariably, they are proper grounds for appeal, not for recusal." *Ibid.* Mr. Lockett may believe that the claims outlined in his complaint are so obvious that Judge Grand's recommendation to screen the complaint plainly evinces some form of bias, but for the reasons stated above, the complaint fails to satisfy the basic pleading standards, so Judge Grand could not have been "willfully blind."

Moreover, Judge Grand's filing is properly characterized as a "recommendation," which this Court reviews anew. There is no demonstrated bias, but even if there were, the "de novo" review process consists of a re-examination by this Court of all the relevant evidence previously reviewed by the magistrate judge, which would insulate the plaintiffs' interests from any such bias. 28 U.S.C. § 636(b)(1).

E.

The document containing Mr. Lockett's objection also appears to include a motion requesting that the Court "remove the case pursuant to 28 U.S.C. § 1446." ECF No. 17, PageID.348. Aside from violating this Court's local rules specifying that "[m]otions must not be combined with any other stand-alone document" — in this case, the objections to the report and recommendation, *see* E.D. Mich. LR 7.1(i), the nature of his request is quite unclear. Removal is

a procedure by which defendants in certain state court cases can bring their case to be heard in federal court. *See* 28 U.S.C. § 1441. In this case, Mr. Lockett is a *plaintiff*, and the matter *already* is in federal court, so it is not apparent what purpose would be served by removal. Mr. Lockett's objections do include a section titled "Answer and Response to LVNV Funding LLC State Court Complaint." ECF No. 17, PageID.360. This portion appears to refer to a case pending in Michigan's 36th District Court where he is a defendant. However, Mr. Lockett may not attempt to remove that case by filing the notice of removal in this case. Instructions setting out the proper procedure for removing a case are available on the Court's website.

III.

It is commendable that Mr. Lockett seeks to assist his mother, but as Judge Grand concluded, his complaint fails to state any viable claim on which the Court can grant relief. The objections to the report and recommendation are without merit.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 14) is **ADOPTED** and the plaintiff's objections (ECF No. 17) are **OVERRULED**.

It is further **ORDERED** that the plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 12, 2025